The Southwestern Telegraph and Telephone Company
v. B. A. Howard.

No. 158.

**Injunction Restraining Sale Under Judgment — Petition Held Sufficient.**—Plaintiff's petition for an injunction alleged, that defendant, under a judgment against another and different company from plaintiff, had levied on a portion of plaintiff's property and line, consisting of poles. wires. and electrical apparatus, worth $1000, and had caused the same to be sold for a nominal sum; that defendant claimed to own the property so sold, and continuously threatened to take forcible possession of the same, and to prevent plaintiff from using and operating it, and also to seize and sell other sections of plaintiff's line to satisfy the remainder of the judgment, which would result in irreparable injury; that plaintiff was the exclusive owner of the property, and had no connection with the alleged judgment debtor company. *Held.* that under such circumstances an injunction should be granted, and the trial court erred in sustaining a demurrer to the petition.

Error from Parker.  Tried below before Hon. J. W. Patterson. ·

*Stanley, Spoonts & Meek*, for plaintiff in error.—1. Where a party is in quiet possession, equity will restrain others from dispossessing him by process to which he is not a party.  Nichols v. Jones, 19 Fed. Rep., 854; Goodnough v. Shepard, 28 Ill., 81; Stewart v. Pace, 30 Ark., 594.

2. Injunctions are granted to prevent trespass where mischief would be irreparable.  Story's Eq. Juris., secs. 928, 929; High on Injunc., sec. 697; Bank v. Buckner, 20 How., 108; Nichols v. Jones, 19 Fed. Rep., 855; Livingston v. Livingston, 16 Johns. Ch., 497.

3. Where the threatened trespass goes to the destruction of the use, it will be enjoined.  High on Inj., sec. 714; Beatty v. Kurtz, 2 Pet., 566; Jerome v. Ross, 7 Johns. Ch., 315; Varick v. Mayer, 4 Johns. Ch., 53; Trustees v. Hoessli, 13 Wis., 348.

*R. E. L. Robinson*, for defendant in error.—An injunction can not be granted in favor of a third person who may claim title to realty levied upon.  Spencer v. Rosenthall, 58 Texas, 4; Purinton v. Davis, 66 Texas, 455; Whitman v. Willis, 51 Texas, 427.

TARLTON, Chief Justice.—This is an injunction proceeding, instituted by the plaintiff in error against the defendant in error.  Several exceptions, denominated special exceptions, were addressed to the petition.  They were really, however, but a general demurrer.  They were sustained by the court, and judgment was rendered dissolving the injunction and assessing damages to the extent of 10 per cent of the judgment enjoined.

The sole question which we are called upon to consider as necessary to the disposition of the case here presented is, whether the plaintiff's petition is subject to general demurrer.

The petition, in brief, alleged, among other matters, that the defendant, Howard, claims to have obtained a judgment for about $60 before a Justice Court against the Erie Telegraph and Telephone Company, another and a different company from plaintiff; that the defendant, by virtue of this judgment, caused execution to be levied upon a portion of the plaintiff's property and line situated in Parker County, consisting of poles, wires, and electric apparatus and appliances; that the defendant had caused the portion so levied upon (worth about $1000) to be sold at sheriff's sale at the nominal price of $20 or $30; that the plaintiff and his agents claimed to own the property so sold; that they continuously and seriously threatened to take forcible possession of said property, and to prevent plaintiff from using and operating its line; that they intrude themselves into plaintiff's offices and demand the revenues of the line, and have torn down and removed plaintiff's signboard; that to satisfy the remainder of the judgment so claimed, defendant threatens to seize and sell other sections of the plaintiff's line, and that the damage which will result from having its lines so cut into sections will be incalculable and the injury irreparable. The plaintiff alleged, that it was the exclusive owner of the property referred to, and that it had no connection with the Erie line, the alleged judgment debtor.

These allegations reasonably show, that the " acts of trespass done or threatened to be done to plaintiff's property would be ruinous or irreparable, or would impair the just enjoyment of the property in the future."

Under such circumstances an injunction will be granted.    Story's Eq. Jur., sec. 928.    The court should have overruled the demurrer.

The judgment is reversed and the cause is remanded.

.          *Reversed and remanded.*

Delivered May 12, 1893.

Justice Stephens did not sit in this case.