# FRANK H. VITTUM v. ORAMEL C. ESTEY.

October . Term, 1894.

*When refusal to perform contract may justify bringing of suit before time for performance. Variation of written contract by parol.*

1. Defendant agreed in writing to deed the plaintiff certain real estate on or before November 1, 1893, for one thousand and twenty-five dollars, of which fifty dollars was then paid. On October 30, 1893, plaintiff tendered defendant nine hundred and twenty-five dollars, claiming that he had agreed to throw off fifty dollars for cash, and demanded a deed, whereupon defendant replied that he should be glad to deed, but that his father refused to deed, and that was the end of it. Plaintiff brought this suit for breach of contract October 31, 1893. *Held*,

(*a.*) That the option to convey on or before November 1 was the defendant's, and that he was under no obligation to convey before that date.

(*b.*) That while an absolute refusal to perform might justify the plaintiff in treating the contract as at an end, and bringing his suit before the time for performance had elapsed, this was not such an absolute refusal.

(*c.*) Since it appears from the plaintiff's own testimony that the agreement to discount the fifty dollars was made before the execution of the written contract, that fact cannot be shown . by parol.

Assumpsit. Trial by jury at the May term, 1894, Windsor county, Thompson, J., presiding. At the close of the plaintiff's evidence the court directed a verdict for the defendant.

The agreement upon which the plaintiff's suit was predicated was as follows:

"CAVENDISH, VT., October 7, 1893.

"Received of Frank Vittum, by hand of M. S. Buck, fifty dollars, in part payment for the Cady farm, so called, where I now reside in Cavendish, which I agree to convey to the said Frank Vittum by a warranty deed in common form, for one thousand and twenty-five dollars, the purchase money for said farm and certain personal property, on or before November 1, 1893.                    O. C. ESTEY.

"Attest—M. S. BUCK."

*Gilbert A. Davis* for the plaintiff.

The plaintiff may rely upon the refusal of the defendant to perform, and bring suit at once. *Holmes* v. *Boyce*, 65 Vt. 319; *Green* v. *Hulett*, 22 Vt. 188; 2 Smith's Lea. Cas., 36; *Frost* v. *Knight*, L. R., 5 Ex. 322, 7 Ex. 111; *Beutis* v. *Thompson*, 42 N. Y. 246; *Burge* v. *Koop*, 48 N. Y. 225; *Treer* v. *Denton*, 61 N. Y. 492; *Gray* v. *Green*, 16 N. Y. 334; *Platt* v. *Woodruff*, 61 N. Y. 374; *Shaw* v. *Republic Life Ins. Co.*, 69 N. Y. 286, 293; *Fox* v. *Kilton*, 19 Ill. 519; *James* v. *Adams*, 16 W. Va. 245, 266; *Dingley* v. *Ober*, 11 Fed. Rep. 373; *Halloway* v. *Griffith*, 32 Iowa 409; *McCormick* v. *Bascel*, 46 Iowa 235; *Davis Sewing Machine Co.* v. *McGinnis*, 45 Iowa 538.

*W. W. Stickney* and *J. G. Sargent* for the defendant.

The action was premature. The refusal to perform was not an absolute one. *Daniels* v. *Newton*, 114 Mass. 530; *Nason* v. *Holt*, Id. 541; *Dingley* v. *Oler*, 117 U. S. 490.

The written contract could not be varied by parol. *Dana* v. *Hancock*, 30 Vt. 616; *Ide* v. *Stanton*, 15 Vt. 685.

ROWELL, J. This is an action to recover damages for the anticipatory breach of a contract, whereby the defendant

agreed to convey to the plaintiff a farm and certain personal property on or before November 1, 1893, at and for the price of one thousand and twenty-five dollars. Plaintiff paid down fifty dollars, and claimed that the defendant orally agreed to throw off fifty from the balance for cash instead of a mortgage. On October 30, 1893, the plaintiff's attorney, in his presence, tendered to the defendant nine hundred and twenty-five dollars, and demanded a deed at once. The defendant himself was willing and anxious to deed, but he said, "You know how it is, father owns the farm with me; it is deeded to us both, and he won't join in the deed; I can't deed." The attorney replied that that made no difference to the plaintiff; that the plaintiff bought of him, and that there was the balance of the money. The defendant said that the amount of money was all right, but that he could not deed and that was the end of it, or that was all there was of it, or something like that. Thereupon the attorney put the money into the hands of a bystander, and told the defendant that the money was ready for him any time he saw fit to deed, and told the bystander to accept a deed and give the defendant the money.

Nothing further appears to have passed between the parties, and on the next day, October 31, this suit was brought, and the defendant claims that it was prematurely brought, while the plaintiff claims that by the contract he had a right to demand and have performance on the 30th, but if not, that the defendant renounced the contract on that day, and that by bringing his suit the next day the plaintiff treated that renunciation as a breach of the contract, as he well might, and that therefore the suit was not prematurely brought.

As to the contract giving the plaintiff the right to demand and have performance on the 30th, we think it did not. The option to convey on or before November 1 was the option of the defendant, who was the party to convey, and not the

option of the plaintiff, who was the party to receive the conveyance.

As to a breach by renunciation, it is settled law in England and in many jurisdictions here, that when one party to a bilateral contract, before the time of performance on his part has arrived, repudiates the entire contract or a part of it that goes to the whole consideration, and declares that he will no longer be bound by it, the other party may, if he pleases, act upon the declaration and treat the contract as thereby broken and at an end for all purposes except for bringing a suit upon it, which he may bring at once without waiting for the time of performance. Or, to put it as Lord Blackburn does in *Mersey Steel & Iron Co.* v. *Naylon, Benzir & Co.* 9 Appeal Cases, 434, 442, the other party may say :

"You have given me distinct notice that you will not perform the contract. I will not wait till you have broken it, but will treat you as having put an end to it, and if necessary will sue you for damages ; but at all events, I will not go on with the contract."

But declarations that do not amount to an absolute and unequivocal refusal to perform the contract cannot be treated as a renunciation of it. *Dingley* v. *Oler*, 117 U. S. 490; *Johnston* v. *Milling*, L. R. 16 Q. B. D. 460.

Now when we consider the defendant's refusal, it does not appear to be of that character. He did not say that he would not deed in any event. He was willing to deed, and refused only because his father was not willing. His refusal amounted to no more than saying, "I will deed if father will, but as he refuses, I cannot. If he changes his mind, I will deed, for I am anxious to perform." The plaintiff seems to have so understood it, for by his tender he left the contract open, and gave to the defendant further time and opportunity to perform if his father should, after all, as he might, conclude to join in a deed. It follows, therefore, that the plaintiff does not bring his case at all within the rule for

which he conténds; hence, if we were to adopt it, it would profit him nothing.

Concerning the claimed agreement to throw off fifty dollars from the contract price, the plaintiff contends that it excused him from tendering more than he did, because it was made after the written contract was executed, and that performance or readiness to perform according thereto is as available to him as performance or readiness to perform according to the written contract. But the plaintiff's testimony does not show that that agreement was made after the written contract was executed, for he expressly said on cross-examination that it was made before the day on which that contract was executed, but that it was talked about afterwards. If it antedated that contract, it could not be received to vary its terms. We are not called upon to say what effect it would have if it postdated it.

*Judgment affirmed.*

Taft, J., dissents, thinking that the defendant's declarations did amount to an absolute and unqualified refusal to perform the contract, and that the plaintiff treated the contract as thereby broken and at an end by bringing this suit.