[No. 6955.   Decided January 6, 1908.]

## VICTOR SAFE & LOCK COMPANY, *Respondent*, v. B. F. O'NEIL *et al.*, *Appellants*.[1]

EVIDENCE—PAROL EVIDENCE TO VARY WRITING—SALES—WAIVER OF VERBAL AGREEMENT. Upon the sale of a safe by a written order, which expressly waived all claims for verbal agreements not embodied in the writing, and which was addressed to, and subject to the approval of, the home office at C., it is incompetent for the vendees to show a verbal agreement that the safe was to be shipped immediately from an agency at P., and was purchased only on such condition.

SALES—DELIVERY—TIME FOR COMPLIANCE WITH ORDER. An order for a safe, to be shipped "as soon as possible" is complied with where no finished safes were in stock when the order was received,

¹Reported in 93 Pac. 214.

but one in the course of manufacture was rushed to completion with diligence and shipped nineteen days after receipt of the order.

SAME—WITHDRAWAL OF ORDER—ACTION FOR PRICE—DEFENSES. A conditional threat to withdraw an order for a safe, if not found to be as represented, or unless the same should be submitted to a test, does not amount to a withdrawal of the order in law which would constitute a defense to an action for the price.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 19, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*Gallagher & Thayer*, for appellants.

*Happy & Hindman*, for respondent.

HADLEY, C. J.—This is an action to recover the purchase price of a bank safe. Plaintiff is a corporation with its home office at Cincinnati, Ohio, and the defendants are copartners, under the firm name of the "Bank of Latah," doing business at Latah, Washington. The complaint alleges, that in consideration of the sum of $1,400, to be paid in the manner hereinafter specified, the plaintiff agreed to sell and deliver to the defendants, f. o. b. car at Latah, Washington, one Victor manganese steel screw-door bank safe; that the defendants agreed to purchase and receive the safe, and to pay the plaintiff the said sum of $1,400, as follows: To deliver to plaintiff, upon compliance of the latter with said contract, one double-door Hall safe, with burglar-proof chest, f. o. b. car at Latah, Washington, and to pay the plaintiff the sum of $950 cash. It is further alleged that the plaintiff fully performed all conditions imposed upon it by said contract, and delivered to defendants at Latah, the Victor safe mentioned in the contract, but that the defendants have refused to deliver to plaintiff the Hall safe mentioned, or to pay said sum of $950, or any other sum. Based upon the above al-

legations, the plaintiff brought this suit to recover the full sum of $1,400, the purchase price of the safe.

The defendants answered that, about September 18, 1905, one Marcellus, the representative of Glass & Prudhomme, the agents of plaintiff at Portland, Oregon, visited the defendants at Latah, and solicited them to purchase a safe from the plaintiff through said agents; that in order to induce the defendants to make the purchase, said Marcellus represented that Glass & Prudhomme had a safe then at Portland, which they could ship immediately from Portland to the defendants; that the defendants were anxious to obtain the immediate delivery of any safe they might purchase, and made such fact known to said Marcellus and to said agents, and that they would not purchase any safe that could not be delivered immediately; that relying upon said representations and believing that the plaintiff had a safe in Portland which it could and would ship to the defendants immediately, they placed the order for the purchase of the safe from plaintiff. It is alleged that the plaintiff did not deliver said safe within a reasonable time or at all, and that defendants never accepted the safe mentioned in the complaint. The cause was tried by the court without a jury, and resulted in a judgment against the defendants for the full purchase price of the safe, with interest. The defendants have appealed.

Appellants have assigned a number of specified errors, but the appeal involves the one question, whether the judgment is justifiable under the facts. The order from appellants for a safe is shown by the evidence as follows: By a partly printed and partly written instrument which is designated as "Specifications Victor Manganese Steel Screw-Door Bank Safes," upon the same page of which heading follow detail specifications of a safe as to size, materials, and workmanship. On the next page or reverse side of the sheet containing such specifications appears a written order for a safe, of which the following is a copy:

"The Victor Safe and Lock Company, Cincinnati, Ohio.

"Gentlemen:— Please furnish us in accordance with the foregoing specifications one No. 49 Victor Manganese Steel Screw-Door Bank Safe, carefully packed and delivered f. o. b. cars at Latah, Wash. Bill to The Bank of Latah, Latah, Wash. Ship as soon as possible via freight. On receipt of same in good condition will pay to your order the sum of Fourteen Hundred Dollars as follows: Nine Hundred and Fifty Dollars ($950) in current funds and one (1) Double Door Hall safe with Burglar proof chest f. o. b. Latah, Wash. This contract covers all of the agreements between the parties hereto, and all claims for verbal agreements of any nature not embodied herein are waived, and order is taken subject to the approval of the Cincinnati office of the Victor Safe and Lock Company. All orders must be on this blank. Witness my hand and seal this 25th day of Sept. 1905.

"Bank of Latah          (L. S.)
"Wm. A. McEachern    (L. S.)"

It will be seen that the order refers particularly to the said specifications, was made by the appellants, and was addressed to the plaintiff at its home office in Cincinnati. It expressly declares that it contains all the agreements between the parties; that all claims for verbal agreements of any nature not embodied in the writing are waived, and that the order was subject to the approval of the Cincinnati office of the plaintiff. Thus the appellants solemnly said, over their own signatures, that the writing contains the whole contract between the parties, and that any further verbal agreements were waived. By their answer and by evidence received at the trial, they, however, sought to show a verbal agreement that the safe was to be shipped from Portland, Oregon, immediately upon the receipt of the order by Glass & Prudhomme. By the terms of the written order, such evidence became incompetent, it being evidence entirely inconsistent with the written order. The order not only made no mention of such agreement as to immediate shipment from Portland, but in effect negatived the existence of such agreement, for the reason that it was addressed to the respondent at its Cincinnati office and was

expressly made subject to the approval of that office. The evidence shows that, in the regular course of transmitting mail from Portland to Cincinnati, at least four days are required, a fact which the appellants must be held to have had in view at the time they made the order.

The evidence shows that the order was forwarded at once by Glass & Prudhomme to the Cincinnati office by respondent; that there were no finished safes in stock at the time; that the customary time for filling the order by the manufacturer of a new safe was about thirty days; that respondent immediately directed that a safe which was then in process of manufacture should be rushed to completion for the purpose of filling this order; that this was done, and the safe was finished and shipped to appellants ninteen days after receipt of the order. The evidence clearly shows that all possible diligence was exercised by respondent to fill the order, under the circumstances as they existed at the time the order was received.

Appellants urge that they were not required to wait until a safe could be manufactured, and that they were entitled to immediate shipment when the order was received. Their order did not call for immediate shipment, but said "ship as soon as possible." We have seen that the shipment was made as soon as possible under the existing circumstances, and under such general directions as to shipment. In the absence of more definite specifications as to time, we think the shipment which was made was a substantial compliance with the order. To be sure an unreasonable lapse of time could not be held to have been within the spirit of the order, but the time here was not unreasonable, considering the circumstances.

Pending the manufacture and shipment of this safe as aforesaid, no correspondence was had directly between respondent's home office and appellants, and the latter contend that they were not advised that respondent had accepted the order, for which reason they say it was not in law accepted

so as to make a contract before the time when appellants
claim that they withdrew their order. The answer does not
allege any withdrawal of the order before acceptance, and
that subject was not introduced by the pleadings; but in view
of the evidence, we will examine that subject. The order was
in fact immediately acted upon by respondent, as we have
seen, and it at once set about filling it. This was followed by
actual shipment and the arrival of the safe at Latah as re-
quested in the order. Whatever may be said as to whether
there was such an acceptance as made a completed contract
prior to the arrival of the safe at Latah, it must, in any event,
be held that there was a complete acceptance when the safe
reached Latah, and unless appellants had in legal contempla-
tion theretofore withdrawn their order, the contract became
complete and they were bound by the terms of their written
order. Was there such a withdrawal? Before the shipment
was made the appellants addressed to Glass & Prudhomme, at
Portland, the following communication:

"It has been brought to our notice that the safe we ordered
from you through Mr. Marcellus is not the article we under-
stood we were getting and that was represented to us at the
time the proposition was made us which led up to the order.
Our order was given on the representation that the Victor
Safe was THE BEST IN THE WORLD, in the sense that it
was the most burglar proof and would stand the most severe
attack that could be made on it, and to be the equal or superior
of any safe made, the Manganese Steel Safe and all the rest
of them included. We will look into this matter a little fur-
ther, but now write to advise that if we are not getting the
strongest and best safe made we are not getting what we
ordered and what was represented to us in the sale, and will
not receive it if such be the case."

Later the following was also addressed by appellants to the
same persons:

"We addressed you on Oct. 6th a letter in regard to safe
ordered from you and advising you that if we found upon
investigation that this safe has been misrepresented to us that
we would refuse to accept it. We have had no reply to this

letter and now write to advise you that we have made a thorough investigation into the matter and find that we cannot accept your Victor Manganese safe unless you will submit it to an honest test as to its burglar proof qualities."

The matters urged in the above letters as representations made by respondent's agents were not mentioned in the specifications of appellants' written order. They therefore became a part of the verbal representations which, as we have seen, were all expressly waived. The existence of such representations was the only ground stated for a possible future refusal to accept the safe, facts which appellants are not entitled to urge as against a completed contract, because they have expressly waived them. Assuming, however, that they had the absolute right of withdrawal before the acceptance of the order by respondent, without any regard to the reason given therefor, the fact remains that there was no absolute withdrawal. The claim that there was a withdrawal is based entirely upon the above letters, and an inspection of them clearly shows that there was a mere conditional threat to withdraw. The matter was still left open for respondent to establish the burglar-proof qualities of the safe. Thus, there was voluntarily left open for further investigation ground for dispute as to facts that might have required a judicial determination to settle before it could be definitely known whether appellants would or would not withdraw. Such cannot be a withdrawal in law. To amount to a withdrawal there must be communicated a distinct, unequivocal, and unconditional statement to that effect, so definite as to leave no doubt that further relations between the parties on the subject are at an end. The renunciation of an offer to contract should, in substance, be as explicit and definite as a renunciation of the contract after its acceptance. With reference to the renunciation of a contract, the rule is stated in vol. 2, Mechem on Sales, § 1087, as follows:

"Where before the time arrives for the performance of the contract by one party, the other absolutely and unqualifiedly

announces that he will neither receive such performance by the former nor perform on his part, the former may, if he desires, consider himself as absolved from his duty to perform. This renunciation by the other, however, must be more than a mere threat of nonperformance, and *a fortiori*, more than mere idle talk of not performing; it must be a distinct, unequivocal and absolute refusal to receive performance or to perform on his own part."

See, also, Benjamin, Sales (Bennett's ed.), § 568; 9 Cyc. 637; *Dingley v. Oler*, 117 U. S. 490, 6 Sup. Ct. 850, 29 L. Ed. 984; *Smoot's Case*, 15 Wall. 36, 21 L. Ed. 107; *Kilgore v. Northwest Texas Baptist Ed. Ass'n*, 90 Tex. 139, 37 S. W. 598; *Vittum v. Estey*, 67 Vt. 158, 31 Atl. 144.

There was therefore no effectual withdrawal of the order prior to the arrival of the safe at Latah, and the acceptance of the order became complete at that time, making a completed contract between the parties. Appellants wholly refused to perform either in kind or otherwise, and the right of action thereupon accrued to respondent for the recovery of the full purchase amount, the safe being held subject to appellant's order. *Schott Co. v. Stone, Fisher & Lane*, 35 Wash. 252, 77 Pac. 192.

For the foregoing reasons the judgment is affirmed.

FULLERTON, CROW, MOUNT, and ROOT, JJ., concur.