LISTMAN MILL COMPANY *vs.* J. T. DUFRESNE.

Kennebec.   Opinion September 28, 1913.

*Cancellation.    Contract.    Exceptions.    Instructions.    Rescission.    Sale.*

1. If renunciation of an executory contract is accepted, and it is thereby rescinded, the party accepting the renunciation may at once sue for and recover the value of whatever has been done by him in performance of the contract.
2. If, renunciation made by a party be not accepted, the other party may consider the contract in force and bring suit only when the time for performance has arrived.
3. Though the party to a contract who received a renunciation may still treat the contract as subsisting, he cannot generally, thereafter continue in performance of the contract and thus enhance the damages recoverable of the other party.
4. A general contract cannot be rescinded, unless by the consent of both parties, and the acquiescence in the renunciation must be as patent as the purpose of the latter.

On exceptions by the defendant to the refusal of the Judge of the Superior Court for Kennebec County to give certain requested instructions.  Exceptions overruled.

This is an action of assumpsit upon an account annexed to recover $315.13, being balance claimed to be due plaintiff on a lot of flour, shipped by plaintiff to the defendant at Augusta on or about April 30, 1910.  There is also a count for the refusal by defendant to receive and pay for said flour, and also the common counts.   The defendant plead the general issue and filed a brief

statement, alleging in substance that defendant, by notice in writing, addressed to plaintiff and deposited in the mail, with legal postage thereon, terminating and renouncing said contract. The jury rendered a verdict for the plaintiff for $263.81.

During the trial, the defendant requested the presiding Justice to give to the jury certain instructions, which the Justice refused to do, and the defendant excepted to such refusal.

The case is stated in the opinion.

*Philbrook & Andrews, and Thomas Leigh,* for plaintiff.

*B. F. Maher,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, HANSON, JJ.

BIRD, J. This case is before this court upon exceptions by defendant to the refusal of requested instructions by defendant and to a portion of the instructions given.

The bill of exceptions, of which none of the evidence is made part, is most meagre in its statement of the case and the issues involved. From it, aided by the portions of the charge of the presiding Justice not objected to, we conclude that on the eleventh of February, 1910, the parties entered into a contract in writing by which the plaintiff contracted to sell to defendant a car load of flour and to ship it to him on or about the thirtieth day of April, 1910, and the defendant on his part undertook to receive and pay for the same; that there was evidence tending to prove that on the twenty-third day of February, 1910, defendant, before plaintiff had in any part performed its undertaking, wrote "certain words" upon the face of his part of the contract "cancelling this order" and duly dispatched it by mail to plaintiff at its home office at LaCrosse, Wisconsin; and that there was also evidence tending to prove that defendant never received the alleged "cancellation;" that some days after the thirtieth day of April, 1910, the plaintiff shipped the flour to defendant, which he refused to receive, and that plaintiff re-sold the flour for account of defendant. In this suit plaintiff seeks the recovery of the difference between the contract price and the price realized on re-sale together with sundry expenses. The verdict was for plaintiff for $263.81.

The defendant requested the following instruction: If defendant in fact cancelled the contract on the 23rd day of February, 1910, then the cancellation would be an immediate breach for which an immediate right of action arises and the damages are fixed as of that time, and the measure of damages is the difference between the contract price and the then market price.

By reason of the confusion of terms employed in the record and its failure to indicate the "certain words" which constituted the written "cancellation" we are in doubt whether the renunciation of the contract claimed to have been made by defendant was distinct and unequivocal or simply an indication of an intention not to perform. See *Dixon* v. *Fridette,* 81 Maine, 122, 125; *Dingley* v. *Oler,* 117 U. S., 490, 501, 503; *Vittum* v. *Estey,* 67 Vt., 158, 161. But assuming that the written words employed by defendant were an unequivocal renunciation of the contract distinct and absolute, (See *Wells* v. *Hartford etc. Co.,* 76 Conn., 27, 35) the requested instruction is predicated upon a renunciation effective or rescission complete upon the day when the renunciation was written and hours, if not days, before the renunciation could reach the plaintiff in due course of mail. Authorities are abundant that in general a contract cannot be rescinded unless by the consent of both parties; Chit. on Cont., 812; *Wells* v. *Hartford Manila Co.,* 76 Conn., 27, 35, 37 and the acquiescence in the renunciation must be as patent as the purpose of the latter. Two familiar exceptions to the rule are rescissions for fraud and for breaches by reason of certain failures to perform by the other contracting party which latter constitute in strictness rather an abandonment of the contract than a rescission. *Anvil Mining Co.* v. *Humble,* 153 U. S., 540, 551, 552; *Daley* v. *People's etc. Assoc.,* 178 Mass., 13, 18. While it is true that, if a renunciation of an executory contract is accepted, and it is thereby rescinded, the party accepting the renunciation may at once sue for the recovery of the value of whatever has been done by him in performance of the contract: *Dixon* v. *Fridette,* 81 Maine, 122, 125; (See also *Ballou* v. *Billings,* 136 Mass., 307, 308, 309; *Brady* v. *Oliver,* 125 Tenn., 595; 28 Ann. Cases, 376) it is equally true that, if the renunciation made by a party be not accepted, the other party may consider the contract in force and bring suit only when time for performance has arrived, and recover damages as of that time; *South Gardiner, etc. Co.* v. *Bradstreet,* 97 Maine, 165, 172; *Kadish*

v. *Young,* 108 Ill., 170; 48 Am. Rep. 548; See also *Roehm* v. *Horst,*
178 U. S., 1.    But although a party to a contract who receives a
renunciation may still treat the contract as subsisting, he cannot,
generally, thereafter continue in performance of the contract and
thus enhance the damages recoverable of the other party: *Suther-
land* v. *Wyer,* 67 Maine, 64, 69; *Danforth* v. *Walker,* 37 Vt., 239,
244; *Speirs* v. *Union etc. Co.,* 180 Mass., 87, 92; *Davis* v. *Bronson.*
2 N. Dak., 300, 302; 16 L. R. A., 655, 657.    There was, therefore,
no error in the refusal of the requested instruction, nor in its refusal
even if it be construed to relate to the date when the renunciation
was, if so found, received by plaintiff:   See *York* v. *Athens,* 99
Maine, 88, 99; See also *Dow* v. *Harkin,* 67 N. H., 383, 384; *Phil-
potts* v. *Evans,* 5 M. & W., 475, 477.

The second requested instruction was as follows: After renun-
ciation of a contract by cancellation, then neither party can increase
the damages after that date.   And if in this case you believe the
defendant cancelled the contract on the twenty-third day of Feb-
ruary, 1910, damages would be fixed by the breach thus occasioned
as of the time of the receipt of the cancellation and not of any later
time and the plaintiff could not increase damages by shipping the
flour.

This instruction was properly refused, in view of our conclusion
regarding the first requested instruction; See *York* v. *Athens,* 99
Maine, 88, 99.   Moreover, it does not appear affirmatively from the
bill of exceptions that defendant was aggrieved by the refusal.

This portion of the charge as given is the subject of exceptions
by defendant: "If you come to the conclusion that such a cancella-
tion was received and acted upon by the plaintiff corporation, that
there was under that a revocation of this contract, actually cancelled
it, then the rule of damages might be different than that insisted
upon by counsel for the plaintiff."   And the presiding Justice in
continuation said "And in order that all the rights of the plaintiff
may be preserved, I will give you this rule:   If as I say you come
to the conclusion that the plaintiff corporation did receive this can-
cellation through the mail from Mr. Dion for Mr. Dufresne, that
the contract was revoked at that time, there is a rule of damages
that he is entitled to recover the difference between the contract

price of the flour and the market value of the flour at the time when the revocation took place."

The instructions were sufficiently favorable to defendant.

*The exceptions are overruled.*