## GROVE et al. v. KEELING et al. (No. 8143.)

(Court of Civil Appeals of Texas. Ft. Worth. April 3, 1915. Rehearing Denied May 1, 1915.)

1. JUDGMENT ☞256 — CONFORMITY TO VERDICT.

If issues found by the jury in favor of defendants were material to plaintiffs' right of recovery, or if the affirmative findings by the jury established any material defensive pleading by defendants which, if sustained by evidence, would defeat plaintiffs' right to recover, a judgment for plaintiffs could not be sustained, as the judgment must follow and be supported by the verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ☞256.]

2. APPEAL AND ERROR ☞934—PRESUMPTIONS IN SUPPORT OF JUDGMENT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1985, providing that, upon appeal or writ of error, an issue not submitted and not requested by a party to the cause shall be deemed found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding, the trial court is presumed to have found issues not submitted in favor of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. ☞934.]

3. CONTRACTS ☞261 — NONPERFORMANCE — TREATING CONTRACT AS RESCINDED.

Defendant, an alleged partner in a suspended private bank, contracted with a committee representing depositors to wind up the affairs of the bank for their benefit; a receiver then in charge to remain in charge, if he deemed it expedient, and to personally assume the liability of the bank to all of its depositors and satisfy their bona fide claims. The depositors procured the execution by certain local partners or stockholders of notes for a part of the bank's obligations, to be delivered to a trustee and used in liquidating its obligations, and to procure an assignment to defendant of the interests in the bank of such local partners. Held, that the facts that the assignment was never tendered to defendant, and that he did not know that the assignment was in the possession of the trustee, did not entitle him to treat the contract as a whole as abrogated; and where the court presumptively found that the depositors had not abandoned the contract or pursued such a course as authorized defendant to presume that

they had done so, and that defendant had suffered no injury from delay in delivery, and the defendant had acted with the receiver in an effort to settle the claims of the creditors, and never demanded delivery of the assignment, and received all the benefits of it, the jury's findings that he was not notified that the assignment was in the hands of the trustee, subject to his order, and that he did not know this fact, did not entitle him to judgment, in an action by the creditors.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1174–1180; Dec. Dig. ☞261.]

4. PARTNERSHIP ☞94—CONTRACTS BETWEEN PARTNERS—MUTUAL RIGHTS AND LIABILITIES.

Where such agreement provided that, upon the execution and delivery of such notes by the local partners, they should be relieved of any further responsibility as to the bank's indebtedness, such local partners as were depositors did not thereby waive their rights as such, and they were entitled to the benefits of defendant's agreement to assume the bank's liabilities, since, while as to third parties they were liable equally with defendant for the entire indebtedness of the bank, as between themselves their mutual and respective rights and liabilities as partners could be altered, enlarged, or restricted by contract.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 141; Dec. Dig. ☞94.]

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Action by G. W. Keeling and others against W. H. Grove and another. From a judgment for plaintiffs, defendants appeal. Affirmed.

A. H. Kirby, Geo. M. Conner, R. C. Fuller, and Theo. Mack, all of Ft. Worth, for appellants. Flournoy, Smith & Storer, of Ft. Worth, for appellees.

BUCK, J. Suit was instituted by G. W. Keeling and others, Leroy A. Smith, trustee, and the firm of Flournoy, Smith & Storer, against W. H. Grove, Ben O. Smith, and others, alleging, among other things, that the defendant W. H. Grove, in connection with L. B. Ward and others, organized a private bank in Springtown, Parker county, Tex., known as the Farmers' Exchange Bank of Springtown, Tex., and that all of the plaintiffs, except Flournoy, Smith & Storer, deposited with said bank large sums of money; that not long after the organization of the bank, and while the same was being operated by the partnership of which the defendant Grove and others, except Ben O. Smith, were members, the bank suspended business and failed and refused to pay its depositors the amount of deposits made therein; that thereafter, at a public meeting, a committee composed of C. C. Kidd and others was appointed by the depositors and empowered to enter into negotiations with the said Grove with the view of having him pay off the demands of said depositors, the persons so appointed being designated by the pleadings as "the committee," and thereafter, on the 23d day of February, 1912, the said committee, with the assistance of the attorneys, Flournoy, Smith & Storer, procured

to be executed and made by and between the said committee, for the depositors, and W. H. Grove, a certain contract in writing, a copy of which was attached to the petition of plaintiffs, and marked "Exhibit B." It was alleged that by the terms of said contract Grove agreed, at his own expense, to liquidate and wind up the affairs of the said bank for the benefit of the depositors, agreeing to pay over for the said depositors and creditors, to the extent of their bona fide claims, such sums as should be realized from the assets of said bank, paying such creditors and depositors pro rata out of said funds; that, at the time of the execution of the contract, the assets of the said bank were in the hands of a receiver, Dan E. Lydick, appointed by the district court of Parker county, Tex.; that it was agreed in said contract, however, that, if the said Grove deemed it expedient, he had the right to permit the said property to remain in the hands of said receiver, he agreeing to pay the cost and expense thereof, and that after the execution of the contract he deemed it expedient and allowed the said property to remain in the hands of the receiver, and permitted and requested that the same be done, and the assets of said bank were administered by the receiver with the consent and approval of the said Grove, and were paid out pro rato and properly distributed among the depositors and creditors of said bank; that the said Grove further agreed to personally assume the liability of the said bank to all of its depositors, and in said contract agreed to satisfy each of such depositors' bona fide claim, with interest thereon, whereby said Grove became liable to the plaintiffs for the amount of their deposits made in said bank, together with interest; that it was further agreed in said contract that the depositors in said bank, through the said committee, would procure to be executed to Leroy A. Smith, as trustee, good and bankable notes, bearing 6 per cent. interest from the date of said contract, to the extent of $2,500 and it was also agreed that said notes, when executed, should be credited to their face value pro rata on the obligations of the said bank to its depositors. It was alleged that by a supplemental written contract, duly executed by all of the parties to the original contract and approved by the defendant Ben O. Smith, dated February 27, 1912, a copy of which was attached to the pleading and marked Exhibit D, it was agreed that the execution and delivery of the said $2,500 worth of notes should be a full release of the said partners in said business who resided at Springtown, and designated in the contract as stockholders, from all further liabilities of the debts of said bank to its depositors and from any claim for contribution from them on the part of said Grove; that, in compliance with the said contract

and supplemental agreement, the depositors, through the said committee, procured to be executed by the partners in said banking concern good and bankable notes to the amount of $2,500, and that, under the terms of said contract, the defendant Grove was entitled to a credit upon the obligation to the extent of $2,500 by reason of the execution of said notes. It was provided in said contract that Grove should make distribution of funds coming into his hands from the assets of said bank to those entitled thereto under certain circumstances, the materiality of which is not necessary to be stated in this connection. And it was further agreed in said contract that Grove was to execute a good and sufficient bond in the sum of $4,000, payable to Leroy A. Smith, trustee, conditioned that he (Grove) would, according to the terms of said contract, satisfy and pay in full all of said depositors' claims against said bank; and it was further provided in said contract that the liability of the sureties on said bond should be limited to $4,000; and in accordance with said agreement the said defendant W. H. Grove, as principal, and Ben O. Smith, as surety, made, executed, and delivered to Leroy A. Smith, as trustee, a bond and obligation in writing in accordance with the allegations last aforesaid, which bond was attached to plaintiffs' petition, marked "Exhibit E," and by reason of which the said Grove became liable to pay the plaintiffs the full amount, and the defendant Ben O. Smith, as surety on said bond, became liable to the extent of $4,000 toward the liquidation of the indebtedness to plaintiffs, as alleged. It was alleged that Grove made no payments whatever upon said obligations to the depositors in said bank, and that by reason thereof he was liable upon said contract and bond, and the defendant Ben O. Smith was liable as surety to the extent of $4,000. The claims of the plaintiffs were set out in detail in Exhibit A, attached to the petition, which exhibit included the names of more than 200 depositors and the amounts of their several deposits ranging from one cent to more than $1,000, for which judgment was prayed.

Appellant Grove answered, urging a misjoinder of parties plaintiff, a misjoinder of causes of action, and a misjoinder of parties defendant, as well as other demurrers not material to this appeal. He denied that he was a partner in said bank, that there was any consideration for the execution of the alleged contract or the alleged bond, and further pleaded that the consideration therefor, if any had theretofore existed, had failed, in that no assignment of the interests of the stockholders in said bank, who lived in Parker county, was ever procured and delivered to the defendant, as required and provided in said contract, designated as "Exhibit B." The defendant Ben O. Smith adopted as his own answer the answer of his codefendant W. H. Grove. The answer of defendant L. B. Ward is not material on this appeal.

Supplemental pleadings were filed by both plaintiffs and defendants, but we do not deem it necessary to give the substance thereof in this statement, inasmuch as in the only question raised on this appeal supplemental pleadings become immaterial in the main, and will not be noticed, except as hereinafter stated.

By a petition of intervention, K. M. Van Zandt, trustee for the different depositors, adopted all of the pleadings directed against the defendants Grove and Ben O. Smith as his own and asked for judgment in his favor, as trustee, for the amounts prayed for in plaintiffs' pleadings, for the persons provided for in said contract. The contract designated in plaintiffs' petition as Exhibit B, and for the breach of which plaintiffs sued, provided, among other things, in paragraph 9 thereof, the following:

"The depositors of said bank, through the said committee, hereby agree to procure to be executed to Leroy A. Smith, as trustee, good and bankable notes to be approved by the said committee, bearing 6 per cent. interest from date of this contract, and maturing 40 per cent. on or before 12 months from date hereof, and 60 per cent. on or before 2 years from date hereof, to the extent of $2,500 obtained from the stockholders (or partners) of said bank residing at or near Springtown, Tex., which notes shall, when executed, be credited to their face value pro rata on the obligations of said bank to its depositors and shall be used by the said Smith as trustee hereunder, in payment of said deposits pro rata when collected, less attorneys' fees, as hereinbefore provided. They further agree to procure an assignment to said Grove by the stockholders (or partners) living in Parker county, Tex., of all of their interest in the affairs of said bank and its property."

Exhibit E attached to the plaintiffs' petition, by which the liability of appellant Ben O. Smith is claimed, is, in substance and effect, a bond executed by Grove, as principal, and said Smith, as surety, approved by Leroy A. Smith, dated February 23, 1912, and by the terms of which it was recited that Grove had entered into a contract in writing with the committee, composed of Gilliland and others, representing the depositors of the Farmers' Exchange Bank of Springtown, by the terms of which Grove had entered into certain obligations with reference to the payment by him of the deposits claimed against said bank, and concluding:

"Therefore, if the said W. H. Grove shall, according to the terms of said contract, satisfy and pay in full all the said depositors' claims against the said bank, then said obligations shall be void, otherwise to remain in full force and effect. The liability of the surety on this bond shall be limited to the sum of $4,000."

It was alleged in plaintiffs' first supplemental petition that:

"The depositors of Springtown Bank provided to be executed on or about February 23, 1912, an assignment in writing to the said Grove by the stockholders (or partners) in said bank living in Parker county, Tex., all of their interest in the affairs of said bank and its property, which said assignment was immediately upon its execution delivered to said Leroy A. Smith for said Grove and has been in his possession ever since, and has been from the time of its execution to the present date subject to the

order and disposal of said Grove, and could have been had by him at any time, all of which was well known to the said Grove; and said instrument is now here tendered to the said Grove."

To which defendant Grove in his first supplemental answer replied:

"This defendant has not sufficient information on which to found a belief as to the truth of the allegations contained in paragraph 13 of said petition, and therefore neither admits nor denies same, but says, if said allegations be true, the transfer therein alleged to have been made to this defendant was never delivered nor tendered to this defendant, nor was this defendant ever advised or informed that said transfer had been signed; and if same was signed and delivered to Leroy A. Smith, as alleged, it was not a delivery to this defendant, and said Leroy A. Smith has never been authorized to receive such transfer for this defendant, and such delivery thereof to Leroy A. Smith was not a delivery to this defendant; that the alleged contract contemplated that said transfer should be executed to this defendant at least within a reasonable time after the date of said contract, and, if same had been so delivered, this defendant could and would have taken charge of the affairs of said bank, as provided in said contract, but by reason of the nondelivery of said transfer and the fact that this defendant was never informed that same was signed, if in fact it was signed, as alleged, this defendant has at all times treated said contract as having been breached by the other parties thereto, and there was no consideration for the same, and that the consideration therefore has failed, and this defendant now here urges said want and failure of consideration for this contract."

To this answer and pleading of defendant Grove, the plaintiffs in their second supplemental petition pleaded that said allegations showed no defense.

The case was tried and submitted to the jury on three special issues hereafter given with their answers thereto:

"First Issue: Did Leroy A. Smith notify the defendant Grove about March 4, 1912, or soon thereafter, that the transfer from the stockholders or partners in the said bank to said Grove in evidence had been executed by the said partners to stockholders and was in the hands of the said Smith subject to the order or disposition of the said Grove? Answer 1: No.

"Second Issue: Did the defendant W. H. Grove, at any time prior to the institution of this suit, have any knowledge that the transfer mentioned in issue 1 above was in the possession of Leroy A. Smith, and that it would be delivered to the said Grove on his request therefor? Answer 2: No.

"Third Issue: Did the committee representing the depositors of the Farmers' Exchange Bank of Springtown, or any member or members of that committee, as representing said depositors, or Leroy A. Smith, as attorney for said committee or the said depositors, represent to said defendant, Grove, prior to the execution by him of the contract between the said committee and the said Grove, in evidence, that the assets of the said bank would be sufficient to reduce the liabilities of said bank to an amount not in excess of $6,000 or $6,500? Answer 3: No."

Upon these answers the plaintiffs prayed judgment in favor of K. M. Van Zandt, as trustee, for the benefit of the plaintiffs against the defendant Grove in the sum of $7,612.54, and against Ben O. Smith, as surety, for $4,000, with interest, and the judgment was rendered as prayed for by plaintiffs, and the motion of defendants for judgment upon answers of the jury was overruled.

Appellants in their first, second, and third assignments urge error to the action of the court in overruling defendants' motion to enter judgment and in entering judgment for K. M. Van Zandt, as trustee, for the benefit of plaintiffs, which three assignments will be considered together. It is urged that as the pleadings of the parties raise the issues submitted in the first and second questions of fact propounded to the jury, and since the submission of these issues was not objected to by the plaintiffs, and therefore must be deemed to have been concurred in by them, and since the answers thereto were favorable to defendants' contention as to the nondelivery to defendant Grove of the assignment of the stockholders' or partnership interest in the bank, therefore it must be presumed that the first and second special issues of fact submitted to the jury were regarded by all parties as material to a recovery by the plaintiffs and the intervener Van Zandt for the use of the plaintiffs, and that the answers of the jury thereto sustain defendants' plea of lack or failure of consideration, and that therefore judgment should have been rendered for defendants.

[1, 2] In determining whether or not error was committed by the trial court in rendering judgment for appellees on the answers of the jury to the three issues of fact submitted, this court must decide whether or not issues Nos. 1 and 2 were material or controlling issues. If these two issues were material to plaintiffs' right of recovery, or if the affirmative findings by the jury establish any material defensive pleadings by appellants, which, if sustained by evidence, would have defeated plaintiffs' right to recover, then the judgment of the court in favor of plaintiffs cannot be sustained. The judgment must follow and be supported by the verdict. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Ablowich v. Nat. Bank, 95 Tex. 429, 67 S. W. 79, 881. But it is provided by statute that:

"Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment: Provided, there be evidence to sustain such a finding." Vernon's Sayles' Tex. Civ. Stat. 1914, art. 1985.

As to issues not submitted, the presumption will obtain that the trial court has found such issues in favor of the judgment.

[3] The issue of delivery vel non by the committee for the depositors of the assignment of the interests of other partners in the banking concern to W. H. Grove was joined by the pleadings thus far: Plaintiffs alleged the execution by the stockholders or partners of this written assignment and the delivery of the same to Grove, or to Leroy A. Smith for said Grove, in whose possession plaintiffs alleged the instrument had been since its execution, and that it had been from the time of its execution to the date of the

trial subject to the order and disposal of said Grove, and could have been had by him at any time, and that said Grove well knew these facts, and a tender of said assignment was further made to defendants in the pleadings of the plaintiffs. The defendant Grove denied the delivery of said assignment, and especially denied any knowledge on his part of its execution by the stockholders or partners and its delivery to Smith for his benefit or subject to his order.

In view of the fact that the defendant Grove acknowledged in his answer the execution of the obligation sued on, but sought to avoid its binding effect by reason of certain defenses pleaded, one of which was fraud based upon the alleged representation made to him by the "committee" acting in behalf of plaintiffs that the assets of said bank were sufficient to pay all the liabilities of said bank, except about $6,000 or $6,500, and another that the plaintiffs had failed to comply with their agreement and contract to execute and deliver this assignment of the interests of the other partners in the bank to the defendant Grove, and inasmuch as the jury found against defendants on the issue of fraud, it is believed that, before defendant Grove would have been justified in treating the contract as a whole as being abrogated by reason of plaintiffs' alleged breach and supposed abandonment, the intention on the part of plaintiffs to so abandon or rescind the contract must have been definitely and unmistakably made manifest, either by words or by a course of conduct inconsistent with any other reasonable conclusion. Loonie v. Tillman, 3 Tex. Civ. App. 332, 22 S. W. 524; Hood v. Raines, 19 Tex. 400; Victor Safe & Lock Co. v. O'Neil, 48 Wash. 176, 93 Pac. 214; Am. Loan & Trust Co. v. Toledo, C. & S. Ry. Co. (C. C.) 47 Fed. 343; Kauffman v. Raeder, 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247; "Partial Performance" in note to Lake Shore & M. S. Ry. Co. v. Richards, 30 L. R. A. 47; McTague v. Sea Isle Ass'n, 57 N. J. Law, 427, 31 Atl. 727. There was no submission to the jury of (1) the issue as to whether or not plaintiffs had abandoned or rescinded the contract made with the defendant Grove or had pursued such a course of conduct as would have authorized the reasonable presumption on the part of defendant Grove that they had abandoned or rescinded the contract; (2) as to whether or not the defendant Grove had suffered any injury by reason of the delay in the delivery to him of the assignment of transfer. Therefore we must conclude that the trial court found such issues in favor of the judgment, and the evidence tends strongly to show that the defendant Grove regarded such contract in force, and that he acted with the receiver Dan E. Lydick in an effort to settle the claims of the bank's creditors, and that he deposited with Mr. Lydick, the receiver, various sums of money

to be used in the settlement of such claims. And, furthermore, there is nothing in the record to show any injury to the defendant Grove by reason of the failure of plaintiffs to deliver to him the assignment in question prior to the suit, and it is in evidence that the receiver, who had charge of the affairs of the bank, collected such claims as he could owing to the bank, including the notes for $2,500 executed by the partners other than Grove, and converted all of its assets into money, as far as he could, and out of the proceeds therefrom paid the claims pro rata of the depositors and other creditors; and there is nothing in the record to show that either defendant Grove or the receiver was in any way denied any right or precluded from exercising any authority over the assets of the estate. No demand was made by defendant Grove upon plaintiffs for the delivery of the transfer or assignment, and it is evident that time was not the essence of this part of the contract, and was not so regarded by the defendant himself. So far as we are able to judge from the record, the defendant Grove received all the benefits by virtue of said assignment, even though he was not informed by Leroy A. Smith, or the plaintiffs, that it was in the possession of said Smith, and even though he had no information that such was the case. Hence we are forced to conclude that, in spite of the affirmative finding of the jury upon issues Nos. 1 and 2, the appellants have failed to establish facts which would have justified a judgment in their behalf, and that the judgment, as rendered, is sustained by, or at least not in conflict with, the verdict of the jury as to these matters. Accordingly the assignments under consideration are overruled.

[4] In their fourth assignment appellant complains of the action of the court in rendering judgment in favor of K. M. Van Zandt, trustee, for the benefit of J. T. Roberson, Kerby & Son, H. L. Young, W. H. Graham, J. A. Clarke, J. H. Smith, and E. P. Kerby, and each of them, because, as claimed in the proposition under this assignment, the above-named persons were members or partners with W. H. Grove, and were equally liable with Grove for the indebtedness of the partnership firm; and it was error, therefore, to permit these partners to recover against the other member of the partnership.

From an examination of the judgment, it does not appear that the names of J. A. Clarke and J. H. Smith are in the list of the depositors for whose benefit judgment was recovered by K. M. Van Zandt, as trustee. The defendants J. T. Roberson, J. B. Kerby, E. P. Kerby, W. H. Graham, J. H. Smith, H. L. Young, and L. B. Ward, who were partners with Grove, and also defendants S. L. Roberson, J. L. Perkins, and John Nix, were dismissed and discharged from the suit as

defendants prior to the trial of the cause before the jury. Hence the issues presented in the trial of the case affected only the rights of the plaintiffs, depositors and creditors, as represented by K. M. Van Zandt, trustee, and the appellants herein. It appears that J. T. Roberson, Kerby & Son, H. L. Young, W. H. Graham, and E. P. Kerby were depositors in the bank, and therefore creditors of the partnership. It is true that, as copartners in the business, the persons mentioned above as partners would, as to third parties, who were creditors, be equally liable with appellant Grove for the entire indebtedness of the bank, though, of course, any partner paying more than his pro rata share upon such debts would have the right of contribution from the other partners. But, as between the partners themselves, their mutual and respective rights and liabilities could be altered, enlarged, or restricted by contract entered into by and between them. This appears to have been done, as evidenced by the two instruments in writing introduced in evidence, and upon which this suit was filed, and by said contract the rights and liabilities of appellant Grove and these other partners, as between them and Grove, were sought to be determined and fixed; and, unless it was specifically stipulated in the contract that the defendant Grove did not assume the payment of the depositors' claims held by these other partners, it seems to us there is no reason why such partners should be excluded from a participation in the benefits derived by reason of such assumption by Grove to pay all depositors' claims. The other partners had executed their several notes in the aggregate sum of $2,500, and had executed a transfer to Grove of their interest in the partnership affairs, and thereupon, as between themselves and Grove, became relieved of any further responsibility as to the bank's indebtedness, but did not waive any right they would have as creditors of the bank by virtue of being depositors. Hence the fourth assignment is overruled.

The judgment is affirmed.