## S. R. WHITE AND ANOTHER v. ANDREW ERICKSON.[1]

### November 29, 1918.

### No. 20,939.

**Broker — action for commission — error to direct verdict.**

In an action by real estate brokers to recover commissions on the exchange of real estate, it being conceded that there was no right of recovery if one of the parties to the contract of exchange breached the contract and refused to perform its terms, the question whether there was such a breach is *held* to have been a question of fact for the jury; and the court

[1]Reported in 169 N. W. 535.

erred in directing a verdict for the defendant upon the ground that as a matter of law there was such breach.

Action in the district court for Hennepin county to recover $1,400 commissions upon an exchange of real property. Defendant specifically denied that plaintiffs or either of them procured customers to whom defendant sold and exchanged property; and alleged that if plaintiffs attempted to perform such services, they were not rendered for defendant or at his request, but were rendered for the persons who attempted to purchase defendant's property by exchange; that such services resulted in no binding agreement as such persons had a right to cancel and terminate, and did cancel and terminate, the same and so notified defendant, and no sale was ever made or binding contract entered into by virtue of any such attempted services or negotiations. The case was tried before Molyneaux, J., who granted defendant's motion for a directed verdict. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

*Brady, Robertson & Bonner,* for appellants.

*John N. Berg,* for respondent.

DIBELL, J.

Action by the plaintiffs, real estate brokers, to recover commissions on the exchange of real property. The court directed a verdict for the defendant and the plaintiffs appeal.

The defendant Erickson entered into a contract with Dietz and Warner by which he was to exchange North Dakota lands for an apartment building in Minneapolis. The controlling question is whether Dietz and Warner as a matter of law breached their contract.

The contract of exchange was dated January 13, 1917, and papers were to be passed January 20, 1917. Dietz and Warner were to have the opportunity of examining the lands, and if they were found to be not as represented or not as they understood them to be the contract was to be void.

The lands were subject to a $4,000 mortgage. Erickson was to pay Dietz and Warner $2,000 in cash upon the exchange.

After the contract was made Dietz and Warner sought to have Erickson clear the North Dakota lands of the mortgage or give them an additional $2,000. They wrote him as follows:

"Relative to the agreement to convey in exchange submitted to you by Coppage and Evans, we beg to state that if you would deed this property to us clear of incumbrance, or turn over to us the money that is due on the mortgage, we will be in a position to carry out this agreement.

"However, before we complete this transaction Mr. Warner will inspect the land. Kindly advise us immediately if this is satisfactory."

About the same time Evans, the agent of Dietz and Warner, had a conversation about the transaction. They do not agree upon what was said. Erickson claims that Evans told him that they had a report on his lands and would not close the deal unless he would pay $2,000 more in cash or clear the land of the mortgage; that he refused to accede to this; that the contract was then definitely renounced by Dietz and Warner, and that he acquiesced and elected to treat the contract as at an end and his obligation under it ceased. He says that the contract was "killed" by Dietz and Warner, apparently referring to the effect of the conversation with Evans, and not to the letter quoted. He does not seem to have regarded that as controlling. Evans does not agree with Erickson's version of the conversation. He says that he did not tell him that Dietz and Warner would not make the deal unless $2,000 additional was paid; that he told him he thought it would go through if an additional $2,000 was paid or the lands cleared of the mortgage; that he did not tell him that the deal could not be concluded on the basis of the contract; and that the deal was never "turned down."

It is without question that Evans was trying to get more money if he could and that he was instructed to do so by Dietz and Warner. He was "jockeying" for better terms. All this was prior to the time fixed for closing the contract and within such time Dietz and Warner offered to perform.

If there was a breach of the contract by Dietz and Warner by a renunciation and definite refusal to perform, even before the time of performance came, Erickson could treat the contract at an end. The principle is settled for this state. Gibbons v. Bente, 51 Minn. 499, 53 N. W. 756, 22 L.R.A. 80; Scheerschmidt v. Smith, 74 Minn. 224, 77 N. W. 34; Alger-Fowler Co. v. Tracy, 98 Minn. 432, 107 N. W. 1124.

The court directed the verdict upon the theory that Dietz and Warner breached the contract by refusing to perform except upon changed terms,

and that Erickson was justified in electing to treat it at an end. It is claimed by the defendant and conceded by the plaintiffs that if Dietz and Warner thus breached the contract and Erickson treated it as at an end commissions were not earned.

We are unable to hold as a matter of law that Dietz and Warner renounced the contract. The evidence was in dispute and the question was one of fact. See Dingley v. Oler, 117 U. S. 490, 6 Sup. Ct. 850, 29 L. ed. 984; Hoggson Bros. v. First Nat. Bank, 231 Fed. 869, 146 C. C. A. 65, and cases cited; Victor Safe & Lock Co. v. O'Neil, 48 Wash. 176, 93 Pac. 214. We therefore hold that the direction was error.

In view of a new trial it may be noted that there was a question at the trial whether there was an agreement on the part of Erickson, either express or implied in fact, to pay the plaintiffs for their services. This was for the jury. Just what the contract for commissions was, assuming that there was one, either express or implied, and whether they were earned unless an exchange was actually made, are questions not involved on this appeal and not concluded by this opinion.

Order reversed.