## W. A. MURRAY v. T. J. BROUGHTON.

CHANGE OF VENUE.—In October, 1876, an order was made by the district judge in Kaufman county, to transfer a cause which the presiding judge was disqualified from trying, to the county of Van Zandt. The district clerk of Kaufman county refused to make out a tran-

script of the entries and decrees in the case, and to forward them, together with the original papers in the cause, to Van Zandt county, as required by the order. On appeal by the plaintiff from the judgment of the District Court, refusing to award a *mandamus* against the clerk to compel a transfer of the papers in the cause: *Held*—

1. That the disqualification of the district judge is not, under the present Constitution, a cause for a change of venue.

2. When a district judge is disqualified, a special judge must be provided, as required by the act of 1876, (General Laws, sec. 3, p. 141.)

3. The act of 1854, which provided for a change of venue when a district judge was disqualified, cannot be upheld as a law now in force by sec. 45, art. 3 of the Constitution of 1876, which provides that "the power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law, and the Legislature shall pass laws for that purpose;" that section, as well as that part of section 56 in the same article which prohibits a special law changing the venue in civil or criminal cases, is designed as a limitation on the legislative power, and to require that a change of venue shall be a judicial act under a general law prescribed for that purpose.

4. That the writ of *mandamus* was properly refused.

APPEAL from Van Zandt. Tried below before the Hon. M. H. Bonner.

*J. J. Hill*, for appellant, referred to the following provisions of our present and former Constitutions: Const. of 1845, arts. IV, VII, sec. 14, Paschal's Dig., 58, 64; Const. of 1866, arts. IV, VII, secs. 12, 14, Paschal's Dig., 936, 941; Const. of 1869, arts. V, XII, secs. 10, 11, Paschal's Dig., 1116, 1124; Const. of 1875, arts. III, V, secs. 11, 45; the act of February 13, 1854, (Paschal's Dig., art. 1417.)

A subsequent statute does not repeal, by implication, a former one, unless clearly repugnant to it. The same is true of a constitution as applied to former statutory law. A new constitution only abrogates statutes repugnant to it. This principle is enunciated in our present Constitution. (See Gen. Pro., sec. 48.) Such would be the effect of the adoption of a new constitution, independent of any declaration on the subject.

Repeals by implication are not favored.   The learning of the courts is against it.   Such is the language of the courts and law writers on the subject.

· Judge Story, in Wood v. The United States, 16 Pet., 362, a third of a century ago, laid down the correct rule, which has since been uniformly followed by the courts and law writers on the subject.   He states the proposition thus :  " There must be a positive repugnancy between the provisions of the new law and those of the old, and even then the old law is repealed by implication only *pro tanto*, to the extent of the repugnancy."

He also cited Dwarris on Stat., 154, 155, note 5.

*John J. Good* and *J. G. Eblen*, for appellee.

ROBERTS, CHIEF JUSTICE.—This is a proceeding by *mandamus*, to compel the clerk of the District Court of Kaufman county to transmit the papers in a cause, upon an order changing the venue thereof to the county of Van Zandt.

The judge of the District Court, for the district in which the county of Kaufman is situated, being disqualified to try the case, from having been of counsel therein, upon motion of one of the parties, an order was made, and entered of record, by the District Court of Kaufman county, changing the venue of said case to the county of Van Zandt.

The question in this case is, was said order valid under the Constitution and laws of this State?

This is not an ordinary question of the change of venue, on account of the prejudice, or other cause specified in the the law, for obtaining an impartial jury for the trial of a cause.   It is a mode of obtaining a district judge to try the cause, when the regular incumbent is disqualified.   It pertains to the organism of the State Government.

The Constitution of this State prescribes the modes of providing officers in the judicial department for all of the courts, generally by a popular election, and defines their powers and

the limits of their jurisdiction, and also provides the means of obviating the inconvenience of their disqualification.

The district judge, under our present Constitution, is elected by the qualified voters of his district. In the event of his disqualification in any case, for the causes therein set forth, the modes are prescribed by which a substituted judge may be procured for the trial of the case in the county where the suit is pending, as follows to wit: "The parties may by consent appoint a proper person to try said cause, or upon their failing to do so, a competent person may be appointed to try the same, in the county where it is pending, in such manner as may be prescribed by the law. And the district judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so, when directed by law." (Section 11, art. V, Constitution 1876.)

It is to be noticed that in all of the modes herein provided, it is contemplated that the case is to be tried in the county where the suit is pending.

This is complete and exhaustive, in respect to the modes of substituting a district judge, in the event of a disqualification of the judge of the district, and supplants all other modes that were formerly provided in the Constitution of 1869 and in the law of 1854, one of which was by a change of venue. (Const., sec. 11, Art V; Paschal's Dig., p. 1116, art. 1417.)

There is another clause of the Constitution of 1876, which authorizes the Legislature to "provide for the holding of District Courts, when the judge thereof is absent, or is from any cause disabled or disqualified from presiding." (Sec. 7, Art. V.)

Under the power here conferred, the Legislature has passed· a law, that when any district judge shall be absent from a court, or shall be unable to hold said court, there shall be no failure of the term on that account, and that a special judge may be chosen by the practicing lawyers there and then present. (Acts of 1876, p. 140, sec. 1.) The operation of this law may incidentally furnish a special judge for the term

or part of it, competent to try a case in which the district judge is disqualified. And if so, it still contemplates that the case shall be tried in the county where it is pending. The same act goes further, and provides "That whenever any case is called, in which the district judge, or the special judge, chosen as hereinbefore provided, shall be a party, or have interest, or have been attorney or counsel, or otherwise disqualified from sitting in and trying the same, no change of venue shall be made necessary thereby; but the parties, or their counsel, shall have the right to select and agree upon an attorney of the court for the trial thereof." (Sec. 3, p. 141.)

This would seem to be conclusive, as a legislative construction, that the disqualification of the district judge in a particular case was no longer to be a ground for the change of venue. To carry out the same general object, the Legislature passed another law, permitting a case, whose venue had been changed by reason of the disqualification of the district judge, to be moved back, when the disqualification no longer exists. (Acts of 1876, sec. 1, p. 49.)

It may be contended that the law of 1854, providing for a change of venue in such case, may be upheld as a subsisting law, by another clause of the Constitution of 1876, which reads as follows, to wit: "The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the Legislature shall pass laws for that purpose." (Sec. 45, Art. III.) This, as well as that part of section 56 in the same article, which prohibits a special law "changing the venue in civil or criminal cases," is designed as a limitation of the legislative power, and to require that a change of venue shall be a judicial act, under a general law prescribed for the purpose.

It is not to be deduced from this that it was intended to give to the Legislature the power to change the venue in a case because the district judge was disqualified to try it, when the Constitution in another part of it had provided the modes

of obviating this inconvenience, in all of which it was provided that the trial should be in the county where the suit was pending, thereby negativing any intention to make, or cause to be made, a change of venue, one of the modes of obviating it.

The judgment of the District Court refusing to ' grant a peremptory *mandamus,* is therefore affirmed.

AFFIRMED.