## WALTER B. SHAW v. TAYLOR CADE ET AL.

### (Case No. 818.)

1. VENUE.— The second section of the act of April 7, 1874, governing changes of venue, provides that on granting a change of venue, " the cause shall be removed to some adjoining county, the court house of which is nearest the court house of the county in which the suit is pending," etc. *Held*—

    1. The nearest court house, in the meaning of the statute, is not necessarily the one nearest by geometrical measurement, but may be the one most convenient of access, and nearest by the usual traveled route.

    2. The question as to which county is the nearest, must be determined by the judge who orders the change of venue, and cannot be reopened by the court to which the venue is changed.

2. DISTINGUISHED.— This case distinguished from Rogers *v.* Watrous, 8 Tex., 63; Taylor *v.* Williams, 26 Tex., 583; and Murray *v.* Broughton, 46 Tex., 351.

2. FACT CASE.— See opinion for facts illustrating the confusion and delay resulting from a district judge regarding an order changing the venue of a case to his court, as a nullity.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

The opinion states the case.

*Scott & Levi*, for appellant.

*Joseph & Kittrell* and *Wheeler & Rhodes*, for appellees.

I. The language of the act is plain and unambiguous. It says " nearest " simply, and it seems that this should admit of no erroneous construction. It is said by a learned writer, that the courts " ought not to make any construction against the express letter of the statute, for nothing can so express the meaning of the makers of an act as their own direct words, for *index animi sermo*." Sedgwick on Const. and Stat. Law, 219, 220, 224.

The judgment of the court below is practically an insertion after the word "nearest," of the words "*by the usually traveled route*," a construction which amounts to

legislation; for the law says nothing of routes, modes of travel, nor such contingencies. The construction of the lower court robs the law of the element of certainty, and leaves it to be construed by extrinsic evidence in each particular case, and the litigant who desires to avail himself of the benefit of the law is left in doubt, because he cannot foretell which county a court or jury may determine to be the nearest, and thus be enabled to provide against the possibility of the same objection in that county as is contemplated by the law. Last clause, sec. 2; Sedgwick on Stat. and Const. Law, p. 262.

Mr. Justice Story says: "The only sound principle is to declare *ita lex scripta est*, to follow and to obey." Conflict of Laws, p. 17.

GOULD, ASSOCIATE JUSTICE.— The history of this case, as correctly and fully given in the brief of counsel for appellant, is as follows:

On March 21, 1874, appellant filed suit against appellees for damages, actual and exemplary, the cause of action alleged being set out fully in the petition, and consisting of assaults, kidnapping, unlawful imprisonment and threats to take appellant's life. The venue was laid in Galveston county, where the acts complained of were alleged to have been done. A number of the defendants having been served with process, appeared and answered, June 4, 1874.

On March 27, 1875, defendants made a motion for change of venue, alleging as grounds therefor the existence of so great a prejudice against the defendants that they could not obtain a fair and impartial trial in Galveston county. The affidavit of defendants to this effect was supported by the affidavit of four residents of the county of Galveston. The defendants, by written allegations filed in the cause, averred that Chambers was the county to which the venue should be changed, the county seat of

that county being nearer to the court house of Galveston county than the court house of any other county.

The plaintiff excepted to the sufficiency of the affidavit for change of venue, for vagueness and generality, and for failure to show the facts and circumstances of the prejudice alleged.

The motion coming on to be heard March 29, 1875, the court heard evidence as to the proximity of neighboring county seats, and it was shown that Wallisville, the county seat of Chambers county, was distant from the court house of Galveston county, by air-line measurement, forty-two miles, and by the usually traveled route fifty-six miles; that Houston, the county seat of Harris county, was distant from the court house of Galveston county, by air-line measurement, fifty miles, and by the usually traveled route the same distance — fifty miles. Upon this evidence the district court of Galveston county adjudged that the intention of the law would be best observed by sending the case to Harris county, and ordered accordingly. The defendants excepted to this action of the court in thus preferring Harris to Chambers county.

The cause being transferred to the district court of Harris county, the defendants filed in that court a plea to the jurisdiction, alleging that the acts complained of as constituting the cause of action, were committed in Galveston county, where the suit was originally brought; relating the motion for change of venue, the evidence in support thereof, the action of the district court of Galveston county thereupon, the exceptions taken by the defendants, and claiming that upon the facts shown in evidence the venue should have been changed to Chambers instead of to Harris county; and that the district court of Harris county, by reason of the facts, had no jurisdiction to hear the cause. They prayed that the cause might be transferred to Chambers county, or stricken from the docket of the district court of Harris county.

The plaintiff excepted to the legal sufficiency of this plea; the district court of Harris county overruled the exception, and the facts stated in the plea being admitted to be true, the court adjudged, March 31, 1876, that the cause should have been removed to Chambers county, and that the district court of Harris county had no jurisdiction to hear the cause on its merits. Having thus sustained the plea to the jurisdiction, the court ordered the papers of the cause, and a copy of the order, to be returned to the clerk of the district court of Galveston county.

To this action on the part of the district court of Harris county the plaintiff excepted.

The papers being transmitted to Galveston county, the clerk of the district court of that county placed the cause anew on the docket, and on May 22, 1876, the defendants filed a plea to the jurisdiction of the district court of Galveston county, alleging the facts related above as having transpired before the cause was transferred to Harris county, and claiming that by reason of the action of the court upon the motion to change the venue, it had no longer any jurisdiction of the cause.

On the same day they also filed a motion setting up the entire history of the case as above related, and claiming that upon the facts disclosed in its history, the district court of Galveston county had no further jurisdiction of the case, and they prayed the court to strike it from the docket.

The motion was sustained November 13, 1876, and the case stricken from the docket accordingly. The plaintiff excepted to this action, and brings the case here by appeal, for revision of all rulings made against him.

If the district court of Galveston county rightly construed the statute, and rightly changed the venue to Harris county instead of Chambers, or if its action on this point, whether erroneous or not, was valid and conclusive

until reversed on appeal, and should have been so accepted and acted on by the district court of Harris county, — in either case it follows that the latter court erred in holding that it had no jurisdiction of the case, and in ordering it to be returned to Galveston district court.

The second section of "An act to authorize and provide for a change of venue in civil cases," approved April 7, 1874, reads thus: "That upon the grant of a change of venue the cause shall be removed to some adjoining county, the court house of which is nearest the court house of the county in which the suit is pending, unless it be made to appear in the application that such nearest county is subject to some objection sufficient to authorize a change of venue in the first instance."

The opinion of the court is that the nearest court house, in the meaning of the statute, is not necessarily the one nearest by geometrical measurement, but may be the one most convenient of access and nearest by the usually traveled route.

But, whether this be the correct construction of the statute or not, we are all of opinion, that it was for the district court of Galveston county to determine for itself the question as to which was the nearest court house, and that it was not competent for the district court of Harris county to reopen that question. The order fixing the county to which the venue was to be changed was one which the district court of Galveston county had jurisdiction to make. Whether erroneous or not, that order was not a nullity, but until reversed was sufficient to give the district court of Harris county jurisdiction to try the case. The judge of the latter court seems to have regarded the order as on the same footing with an order changing the venue because of supposed disqualification of the presiding judge, but where the recitals show that the judge was not disqualified. Such orders changing the venue being made

without authority, have been treated as nullities — conferring no jurisdiction on the court to which the venue was changed. Rogers *v.* Watrous, 8 Tex., 63; Taylor *v.* Williams, 26 Tex., 583; H. & T. C. R. R. Co. *v.* Ryan, 44 Tex., 426; Murray *v.* Broughton, 46 Tex., 351. But a case for change of venue having arisen, the court in designating the county to which the venue is to be changed, certainly acts within its jurisdiction, and if it commits an error it is not one which makes its order a nullity so as to affect the jurisdiction of the new tribunal. This conclusion accords with the rule which prevails in this state in criminal cases. Kirby *v.* State, 8 Tex. Ct. App., 25, 26; Brown *v.* State, 6 Tex. Ct. App., 28; Harrison *v.* State, 3 Tex. Ct. App., 518. This case illustrates the confusion and delay that would result from treating such orders as nullities. A difference on a question of law has led the two district courts to each dismiss the cause. The same result might follow from a difference on the question of fact, as to which was the nearest court house by geometrical measurement. So far from being a nullity, an order erroneously changing the venue to the wrong county, would only lead to a reversal, when a party shows that the error has operated to his prejudice.

Our opinion is that the cause should again be placed on the docket of the district court of Harris county for further proceedings in that court. Following the precedent set by this court in Rogers *v.* Watrous, it is ordered that the cause be remanded to the district court of Galveston county, in order that the papers may be returned to the district court of Harris county, and the cause reinstated upon the docket of that court for further proceedings — the costs of this appeal to be paid by appellees.

REVERSED AND REMANDED.

[Opinion delivered February 8, 1881.]