Opinion by
Willson, J.
. § 18. Pleading; petition in action for damages by employee of railroad ■ company for injuries sustained L-y reason of defective hand-car. This suit was instituted by appellee, to recover of appellant $500 damages for injuries sustained by being run over by a hand-car. He alleged in his petition, in substance, that he was in the employment of appellant, as foreman on a section of its road; that appellant by the contract of employment, *25 undertook to furnish him with a safe, good and sufficient hand-car, for him to travel on, from one part to another of said section, to attend to the business of appellant; that on the 26th of August, 1881, while traveling on said section in a hand-car provided for him by- appellant, and while engaged in performing his duties .as section foreman, he was thrown from said hand-car, and seriously injured; that said hand-car ran over him, wounding and bruising him greatly; that by reason of said injuries he was damaged $500; said damages consisting in physical suffering, six months’ loss of time, money paid for medical attention, nursing, etc.; that the injuries complained of were caused by a defect in said hand-car; that said defect consisted of a hole in the floor of said car, about eighteen inches long and four inches wide; that while said hand-car' upon which he was traveling was in rapid( transit over the road, an iron tool about eighteen inches in length, which was being carried on the car, fell through the hole aforesaid, one end thereof striking against a cross-tie and the other against the car, causing him to be thrown down in front of the car, and to be run over by said car; that appellant well knew of said defect in said car, and promised him that the same should be remedied as soon as possible, and told and required him to continue to use said car; that appellant failed to remedy said defect according to promise. Held, that the petition was a good one, and that appellant’s general demurrer and special exceptions thereto were properly overruled.
§ 19. Master and servant; defective machinery, etc.; injury to servant because of; rules as to. “ A railroad company is required by the plainest dictates of reason, and rules of law, to furnish to its servants operating trains, good, sound and suitable machinery, apparatus and material necessary in the conducting of that business; and generally, the company is liable to its servants for injuries resulting from the use of defective machinery, apparatus or material in the discharge of their duty, *26 provided the company knew, or could have known by reasonable care, that the same was so defective or unfit for the purposes for which it was furnished. This rule is subject to a qualification founded in reason, and amply sustained by authority, and that is, if the servant, after having knowledge of the defective machinery, apparatus or material, remains in the service and attempts to use the same, and is thereby injured, he cannot recover for such injury.” [H. & T. C. R. R. Co. v. Myers, 55 Tex. 110.] But the qualification to the rule above stated is itself subject to a qualification equally as well settled, which is stated as follows: “A servant does not, by merely continuing in the service after knowledge of defects in the machinery which he is obliged to use, assume the risks attendant upon the use of such machinery. Such a result only follows where he continues in the service without objection or protest, or without being induced by his master to believe that a change will be made. If the master has promised to remedy the defect, or has held out other like inducements to the servant to remain in the service, the mere fact of his having remained in the service will not, of itself, as matter of law, exonerate the master from liability; but the question of negligence will be for the jury. If the servant, after acquiring knowledge of the defect, complains of it to the master, and the master assures him that it will be repaired in a reasonable time, he will not be presumed to have waived the defect by remaining for such reasonable length of time in the service; and what will constitute such reasonable length of time will depend upon the circumstances of each case, and will be a question of fact for the jury.” [2 Thomp. on Neg. § 16, page 1009. See, also, Shear. & Red. on Neg. § 96; Hough v. Railway Co. 100 U. S. 213, where this qualification is fully discussed and the authorities sustaining it cited.]
§ 20. Damages; actual, general; averment and proof of. It was not error to admit evidence of general damages. Such actual damages as result naturally from an *27 act complained of may be recovered under a general averment of damages, and need not be specially pleaded. [So Relle v. W. U. Tel. Co. 55 Tex. 308; T. & P. R’y Co. v. Durrett, 57 Tex. 48; H. & T. C. R’y Co. v. Boehm, 57 Tex. 152.]
October 24, 1883.
§ 21. Charge of the court; on the weight of evidence. A clause in the charge of the court was as follows: “The evidence shows that the plaintiff, Kane, had given notice of the defect in said hand-car to defendant’s authorized agent, or supervisor, which was notice to the defendant, and his, the said agent’s, negligence would become the negligence of defendant.” Held, this clause of the charge assumes as undisputed facts material issues in the case. Appellant denied that it had any knowledge of the defect in the hand-car, or that notice of any defect had been given to it through any of its authorized agents. These were issues of fact for the jury alone to determine. It was not for the court, but for the jury, to say whether or not the notice of the defect had been given to an authorized agent of appellant. Upon this issue mainly depended appellee’s right to recover. It was a controlling issue in the case, and the court had no authority, whatever might be the evidence upon it, to arrogate to itself the province of the jury, and determine the issue in favor of the plaintiff. It was clearly a charge upon the weight of evidence and upon a material issue, and was well calculated to influence the verdict of the jury. [R. S. art. 1317; T. & P. R’y Co. v. Murphy, 46 Tex. 355.]
. Beversed and remanded.