Ex Parte S. J. von Koenneritz.

No. 8226.    Decided April 16, 1924.

1.—City Charter and Ordinance—Nuisance—Rule Stated.

The rule seems well supported that the declaration by municipal authorities that a certain thing is a nuisance does not render it one when it is not in fact a nuisance; and the thing complained of must be more than merely objectionable to persons of nervous temperament, etc.

2.—Same—Terms of Ordinance—Not a Nuisance in Fact.

Where, under the terms of the city ordinance, relator would have been guilty if he had had but one neighbor who asserted that he or any member of his family or those who resided at his house were disturbed by the lowing of relator's cow, the same cannot be enforced, as this ordinance makes penal as a nuisance that which is not so in fact.

**3.—Same—Ordinance—Indefinite Regulation of Noises.**

If the word "reasonably" might be read into the latter part of the ordinance it would then state what would seem to be a proper rule in such case, that is, that one might not keep on his premises within the city limits an animal whose noises were reasonably calculated to disturb the inhabitants in the vicinity, but where the ordinance undertakes to describe an offense in such an indefinite way as that it fails to accomplish the purpose ·intended, it is invalid.

From Travis County.

Original application for writ of habeas corpus asking release from arrest under a charge of violation of a city ordinance.

The opinion states the case.

*Cofer & Cofer,* for relator. Cited: Ex Parte Robinson, 17 S. W. Rep., 1067; Dibrell v. City of Coleman, 172 S. W. Rep., 550; Ex Parte Brown, 38 Texas Crim. Rep., 295.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State. Cited: Ex Parte Sullivan, 77 Texas Crim. Rep., 73; Ayres v. Dallas, 72 id., 603.

LATTIMORE, JUDGE.—In 1918 an ordinance of the city of Austin was enacted which reads as follows:

"Any person who shall hereafter keep or cause to be kept on premises owned or controlled by him, within the limits of the City of Austin, any animal or animals, which by making loud noises, or lowings, or barks, yelps or howls, or other sounds, shall disturb the inhabitants in the vicinity thereof, or which shall be calculated to disturb such inhabitants, shall be deemed guilty of maintaining a nuisance and upon conviction shall be fined in any sum not less than Five Dollars nor more than One Hundred Dollars."

Under this ordinance complaint was filed in the Corporation Court of said city charging relator with unlawfully and wilfully keeping on premises owned and controlled by him in said city, a cow which by lowing disturbed the inhabitants in the vicinity of said premises, and his conviction followed. From restraint under a capias pro fine issued by the clerk of said court to collect the fine fixed as punishment, relief is sought by direct application to this court for habeas corpus, the petition attacking the validity of said ordinance.

Inasmuch as all normal cows low at times,—for water, food, their calves, or their kind; and also because of the fact that no cow could in common reason be deemed guilty of lowing to purposely disturb, it would seem that the question resolves itself into the power of the city to pass an ordinance which forbade the keeping of cows anywhere in the city whose lowing disturbed any person in the vicinity.

The rule seems well supported that the declaration by municipal authorities that a certain thing is a nuisance does not render it one when it is not in fact a nuisance. See Yates v. Milwaukee, 10 Wall., 497; id., 505; Joyce on Nuisances, Sec. 332. Mr. Wood in his work on Nuisances, Vol. 2, p. 977, says:

"A municipal corporation which is empowered to declare what shall be a nuisance is not thereby authorized to declare that to be a nuisance which is not so in fact. Things which may or may not be nuisances when their character in this respect depends upon circumstances, cannot be so declared in advance."

All the text writers and decisions seem in accord with the rule that in order to be a nuisance the thing complained of must be more than merely objectionable to persons of nervous temperament, or who are over-fastidious, or of unusually susceptible disposition. Joyce on Nuisances states the rule thus:

"The fact that a person is fastidious or overrefined, so that his taste is offended or his nerves disturbed, does not make that a nuisance which would have no effect upon another, or upon all others without those peculiar sentiments and tastes. The judgment of reasonable men should be the test, and also the effect which the alleged nuisance would have upon men of normal nervous sensibilities and of ordinary tastes, habits, and modes of living, having in view all the circumstances of the case, the vested and clear rights of complaint, and also the actual injury produced."

In Wescott v. Middleton, 43 N. J. Eq. 478, may be found the following:

"If one's right to use his property should depend upon the effect of the use upon a person of peculiar temperament or disposition, or upon one suffering from an uncommon disease, the standard for measuring it would be so uncertain and fluctuating as to paralyze industry. . . . The character of his business might change from legal to illegal, or from illegal to legal with every change of tenants of an adjacent estate; or with the arrival or departure of a guest or boarder at a near by house; or even with the wakefulness or tranquil repose of an invalid neighbor on a particular night."

This is quoted because seemingly so applicable to the principle involved in the case before us.

We turn now to that part of the ordinance in question under which the relator was convicted, i. e. that part which penalizes him for having a cow in the city of Austin which "disturbs the inhabitants,"— and apply to same the rules and principles just referred to.

Under the terms of the ordinance above set out relator would be guilty if he had but one neighbor who asserted that he or any member of his family, or those who resided at his house, were disturbed by the lowing of a cow. She might have lowed but once and the persons thus disturbed might have been nervous, sleepless or otherwise easily

annoyed. The cow might be thirsty or hungry,—the owner might have had car trouble and not able to get home to meet the natural wants of the cow, etc. etc. Neither illustration nor argument is needed to make plain the proposition that this ordinance makes penal as a nuisance that which is not so in fact.

The remaining part of the ordinance in question forbids one to keep an animal,—a cow, etc., which makes noises calculated to disturb the inhabitants of a vicinity, etc. If the word "reasonably" might be read into this latter part of the ordinance, it would then state what would seem to be a proper rule in such case, i. e. that one might not keep on his premises within the city limits an animal whose noises were reasonably calculated to disturb the inhabitants in the vicinity. · In such case the inquiry would then be pursued to a conclusion upon the proposition that unless the noise be one which under the circumstances was reasonably calculated to disturb persons of ordinary temper and disposition under similar conditions, then there could be no violation of the law. We refer to Ex Parte Robinson, 30 Texas Crim. App., 493; Pye v. Peterson, 54 Texas, 312; Dibrell v. City of Coleman, 172 S. W. Rep., 592, and Griffin v. State, 86 Texas Crim. Rep., 493, 218 S. W. Rep., 494 as applicable cases decided by the courts of this State. The principle involved in the case last cited is that the law was so indefinitely framed as that the accused could not himself know in advance that the act upon which the prosecution rested, was a crime. This would also have application to that part of the ordinance under discussion involved in this prosecution. How could the relator know that his cow's lowing would disturb,—if the test be other than that it was such noise as was reasonably calculated to disturb ordinary persons under similar situations. He could not know that some neighbor perhaps newly moved in or feeling indisposed would be of such disposition as to be disturbed by the ordinary and natural lowing of a cow.

Being of opinion that that part of the ordinance which seeks to penalize one whose animal "disturbs the inhabitants" of a vicinity, without regard to the disposition or character of such inhabitants, or the question as to whether the noise referred to was such as was reasonably calculated to disturb persons of ordinary disposition under similar circumstances, we feel impelled to hold that particular part of the ordinance to be a declaration that a thing is a nuisance which is not in fact so, an attempt to describe an offense in such an indefinite way as that it fails to accomplish the purpose intended, and that it is therefore beyond the power of the city commission to pass.

The relator is ordered discharged.

*Relator discharged.*