## EX PARTE WALTER HUNTER.

No. 23128. Delivered May 25, 1945.
Rehearing Denied June 20, 1945.

The opinion states the case.

*Albert C. McDavid,* of San Antonio, for appellant.

*T. D. Cobbs, Jr.,* City Attorney, and *Hugh R. Robertson,* Assistant City Attorney, both of San Antonio, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an original proceeding by which an attack is made on a section of an ordinance of the City of San Antonio, dated

December 30, 1937, as amended on the 29th day of January, 1942. The ordinance is for the purpose of "Defining noise nuisance; specifying certain acts constituting noise nuisances and providing the same shall not be exclusive; defining certain terms; repealing all ordinances in conflict herewith; providing a penalty; and containing a saving clause." The ordinance of January 29, 1942, amends subdivisions (a) and (b) of Section One, and subdivisions (a), (d), (k) and (m) of Section Two of the above described nuisance ordinance.

It will not be necessary to discuss all of the contentions raised by the briefs and arguments. The prosecution was had under subdivision (d) of Section Two defining a public nuisance, reading as follows: "The keeping of any animal, fowl or bird which by causing frequent or long continued noise shall disturb the comfort and repose of *any person* in the neighborhood thereof."

Walter Hunter was prosecuted in the city court. A trial on appeal in the county court resulted in his conviction with a fine of twenty-five dollars. The case not being subject to further appeal could only reach this court by an ex parte proceeding and the only question which we may consider is the validity of the ordinance under which he was convicted. Procedural matters are not before us. We have no history of the case other than as reflected by the judgment of conviction and no questions of fact of law pertaining to the case will be considered. The sole question is on the validity of subdivision (d) of Section Two above quoted.

The amending ordinance brings forward the ordinance to which it relates with its penalties and only such change as is designated. With this statement we dispose of some of the questions in the case. We are unable to sustain the relator's contention that the ordinance is indefinite in that it does not define what is meant by "frequent or long continued noise," "comfort and repose," and "neighborhood." Such terms are of general use and may be understood.

We think the real question in the case is determined by consideration of the power of a city to legislate in behalf of "any person." It is fundamental that a City Council cannot enact laws for the benefit of an individual as such. The city has power sufficient to meet all needs of current habits and intercourse of its people to protect the interests of the public, under such subjects as health, comfort, and peaceful enjoyment of property. When a citizen retires in his home for rest, at the usual, cus-

tomary and normal times, he relies on the city which has power to protect him from the discomforting noises to such extent that normal, reasonable persons may enjoy rest and the comforts of home. This is as definite and certain in matters of comfort as in matters of health, but the city in this respect, as in all others, has no power to pass that legislation which would apply only to some individual unless that application is merely incidental to a public right. It may be that the ordinance operated in the given case only for the benefit of one person but it must be so written as to apply to all persons who do at the present, or may in the future, come within the same relationship.

The case of Ex Parte Von Koenneritz, 261 S. W. 570, quotes with approval the following paragraph from Joyce on Nuisances: "The fact that a person is fastidious or overrefined, so that his taste is offended or his nerves disturbed, does not make that a nuisance which would have no effect upon another, or upon all others without those peculiar sentiments and tastes. The judgment of reasonable men should be the test, and also the effect which the alleged nuisance would have upon men of normal nervous sensibilities and of ordinary tastes, habits, and modes of living, having in view all the circumstances of the case, the vested and clear rights of complainant, and also the actual injury produced."

Again, in Rogers v. Elliott, 15 N. E. 768 (4 Am. St. Rep. 316) the following pertinent paragraph is referred to in considering an ordinance which may be applied to *"any one individual,"* whether a reasonable, normal person or not. "If one's right to use his property were to depend upon the effect of the use upon a person of peculiar temperament or disposition, or upon one suffering from an uncommon disease, the standard for measuring it would be so uncertain and fluctuating as to paralyze industrial enterprises. * * * The character of his business might change from legal to illegal, or illegal to legal, with every change of tenants of an adjacent estate; or with an arrival or departure of a guest or boarder at a house near by; or even with the wakefulness or the tranquil repose of an invalid neighbor on a particular night."

In the light of the above authorities it is clearly presented that the ordinance before us, which inhibits the keeping of dogs making noises that will disturb "any person," must be considered to be beyond the legislative powers of a city council. As stated by Joyce, "The judgment of reasonable men should be the test," and limitations must be for "normal nervous sensi-

bilities" and "ordinary tastes, habits, and modes of living." This must not mean that the ordinance should go into an extensive definition to include every person entitled to the protection. The normal sensible individual may be the test. It is certain, however, that the city cannot burden the property and personal rights of all of the inhabitants with the misfortunes of some individual who may come into the neighborhood with real or imaginary tastes and sensibilities or even refinements. There are those who order their lives so as to develop psychic tendencies. They have no claim contrary to the public good. Those who are unfortunate to the extent that they cannot live among normal individuals who move according to accepted customs among reasonable people may find relief in less populous sections. The ordinance before us would, if held valid, burden all of the neighborhood with the extreme peculiarities of any one individual. It cannot, therefore, be sustained.

· Relator's petition is granted. Writ of habeas corpus will issue and relief is granted as prayed for.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Respondent, City of San Antonio, in challenging the correctness of our conclusion, asserts that the term "any person," as used in subdivision (d) of Section Two, includes all persons, plural and singular, and, by reason thereof, applies to all persons in the neighborhood.

Ordinarily, such is the interpretation to be given to that term in a criminal statute (Article 21, P. C.) but, as here used, that term has a different meaning and is individualistic in an essential element of the offense. It will be noted that for one to be guilty of violating subdivision (d) of Section Two of the ordinance it is necessary only that (a) he keep a dog, (b) the dog frequently barks, and (c) such barking disturbs the comfort or repose of some person in the neighborhood thereof.

The offense is not complete unless some person is disturbed. Ultimately, then, guilt is established by the ideas, sentiments, tastes, whims, or caprice of a single individual. We remain convinced that the invalidity of such an ordinance is not debatable.

Respondent suggests that expressions contained in our original opinion might be construed as a holding that the whole of

the ordinance, of which subdivision (d) of Section Two is a part, is invalid. We intend no such construction. The conclusions here expressed have reference only to subdivision (d) of Section Two of the ordinance, the validity of which, alone, is before us.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.