Zimmerman, J.
The bill of exceptions contains considerable testimony. It discloses that the defendant, Becher, is a doctor of veterinary medicine and since January 1, 1945, has been the proprietor and operator of a small-animal hospital where dogs are treated and which is located at the southwest corner of East-view Avenue and vest Fifth Avenue in the city of Columbus. *199 This location on the zoning map of the city of Columbus is in a C-4 commercial area wherein small-animal hospitals are permitted.
At the trial the city produced some 12 witnesses, a number of them husbands and wives who resided in the neighborhood and who testified that on July 27,1960, the barking of dogs during the day and night in defendant’s hospital was incessant, loud and annoying, grating on nerves and interfering with sleep. Most of the witnesses had resided in the neighborhood for much shorter periods of time than the period of time the hospital had been there.
Defendant produced several witnesses who resided in the neighborhood on July 27,1960, and who testified that they were not annoyed or disturbed by the barking emanating from defendant’s hospital. In addition, the defendant called as witnesses six veterinarians, one of them the state veterinarian, two of them connected with the College of Veterinary Medicine at The Ohio State University and three of them practicing veterinarians in Columbus. They testified that they were familiar with the defendant’s hospital, that its construction and standard of operation are as good as or better than the average small-animal hospital, and that the facilities provided are such as to curtail, as much as possible, the barking of its canine inmates.
A prohibitory municipal ordinance of the type now under examination should be so framed as to permit the formation of a definite fact pattern thereunder charging a crime. To violate this ordinance requires “audible sounds to the annoyance of the inhabitants of this city.” The queries immediately arise: How many persons must be annoyed to constitute a violation of the ordinance ? How much territory in the municipality must be affected by the noises? What degree of noise must there be to constitute an annoyance? Are noises included that would be annoying to a few sensitive people but would not disturb others? Obviously, the ordinance in issue is too indefinite and too broad in its terms to be effective and valid, particularly in a fact situation of the kind presented here. Compare Ex parte Von Koenneritz, 97 Tex. Crim. Rep., 294, 261 S. W., 570; and Ex parte Hunter, 148 Tex. Crim. Rep., 462, 188 S. W. (2d), 162.
The evidence herein clearly shows that the defendant has for many years conducted a prima facie lawful pursuit in a *200 well appointed and well run establishment located in a municipal zone area permitting such an activity. Moreover, hospitals of the kind here involved are a concomitant of modern civilization. They serve a useful and humanitarian purpose in inducing the curing of ailments, the alleviation of suffering and the control of contagious and infectious diseases dangerous to both humans and animals. These considerations as applied to defendant and his hospital, in the circumstances shown to exist, outweigh the annoyance occasioned to some persons by the noises coming from the hospital.
In summation and with the kind indulgence of his associates, the writer submits the following original verse :
Dogs will howl and cats will yowl When placed in congregation.
These grating sounds may oft result In human aggravation.
Laws passed to curb such pesky noise Should fit the situation
And be so phrased in artful ways To cause no obfuscation.
In other words, the laws so passed Must plainly be effective.
Inaptly framed, they lack the force To meet their planned objective.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Bell, Radcliee and O’Neill, JJ., concur.
Taet, J., concurs in the judgment.
Weygandt, C. J., and Matthias, J., dissent.
Radclife, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.